IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 98 PENSION FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ANGELO R. MOZILO, HENRY G. CISNEROS, ROBERT L. DONATO, HARLEY W. SNYDER, JEFFREY M. CUNNINGHAM, MARTIN R. MELONE, ROBERT T. PARRY, OSCAR P. ROBERTSON, KEITH P. RUSSELL, MICHAEL E. DOUGHERTY, and COUNTRYWIDE FINANCIAL CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) | CA No. 07 – 00372 *** (MPT)<br><br>**Jury Trial Demanded** |
| Defendants. | ) ) | |
| ADAM BLUMBERG, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ANGELO R. MOZILO, HENRY G. CISNEROS, ROBERT L. DONATO, HARLEY W. SNYDER, JEFFREY M. CUNNINGHAM, MARTIN R. MELONE, ROBERT T. PARRY, OSCAR P. ROBERTSON, KEITH P. RUSSELL MICHAEL E. DOUGHERTY, DAVID SAMBOL, KATHLEEN BROWN and COUNTRYWIDE FINANCIAL CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) | CA No. 07 – 00717 *** (MPT)<br><br>**Jury Trial Demanded** |
| Defendants. | ) ) | |

**OPENING BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE RELATED CASES PURSUANT TO FED. R. CIV. P. 42(a) AND FOR APPOINTMENT OF BARRACK, RODOS & BACINE AS LEAD COUNSEL AND BIGGS AND BATTAGLIA AS LIAISON COUNSEL**

        ROBERT D. GOLDBERG (#631)
        921 North Orange Street
        Wilmington, DE 19899
        Tel: (302) 655-9677
        Fax: (302) 655-7924
        goldberg@batlaw.com

        *Attorneys for plaintiffs*

*Of Counsel:*
Barrack, Rodos & Bacine         Barrack, Rodos & Bacine
Alexander Arnold Gershon        Daniel E. Bacine
Regina M. Calcaterra           William J. Ban
Gloria Kui                     3300 Two Commerce Square
1350 Broadway, Suite 1001       2001 Market Street
New York, New York 10018       Philadelphia, Pennsylvania 19103
(212) 688-0782                 (215) 963-0600

Dated: December 20, 2007

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................................................. i

**TABLE OF AUTHORITIES** ........................................................................................................ ii

**NATURE AND STAGE OF THE PROCEEDINGS** .................................................................. 1

**SUMMARY OF THE ARGUMENT** ........................................................................................... 2

**FACTS**............................................................................................................................................3

**ARGUMENT**................................................................................................................................. 4

    1.    **Consolidation Is Warranted For The Efficient Administration Of The Related Actions.**................................................................................................................... 4

    2.    **Appointment Of Lead Counsel Is Necessary To Achieve Efficiency And Economy In This Litigation.** ........................................................................................................... 5

**CONCLUSION** ............................................................................................................................. 7

## TABLE OF AUTHORITIES

**Cases**

*Abrams v. Occidential Petroleum Corp.,* 44 F.R.D. 543 (S.D.N.Y. 1968) ................................... 5

*Blake v. Farrell Lines, Inc.,* 417 F.2d 264 (3d Cir. 1969) .............................................................. 4

*Cohen v. Beneficial Industrial Loan Corp., et al*, 93 F. Supp. 418 (D. Del. 1950) ........................ 4

*Honeywell International Inc. v. Audio Vex Communications Corp.,* 2005 U.S. Dist. LEXIS
   22933 (D. Del. 2005) ................................................................................................................ 4

*Siegall v. Tibco Software Inc.,* 2006 U.S. Dist. LEXIS 26780 (N.D. Cal. 2006) ........................ 4,5

**Statutes**

15 U.S.C. §78n(a) ............................................................................................................................ 1

17 C.F.R. §240.14a-101 ............................................................................................................... 1,5

Fed. R. Civ. P. 23(g) ................................................................................................................. 2,5,6

Fed. R. Civ. P. 42(a) .................................................................................................................... 2,4

**NATURE AND STAGE OF THE PROCEEDINGS**

Presently pending before this Court are two related and substantially identical shareholder derivative actions against nominal defendant Countrywide Financial Corp. ("Countrywide") and the individual members of its Board of Directors for claims arising under §14(a) of the Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. §78n(a), Securities and Exchange Commission (SEC) Rule 14a-9, 17 C.F.R. §240.14a-9, Schedule 14A, 17 C.F.R. §240.14a-101 (Nov. 7, 2006), Item 402 of Reg. S-K, 17 C.F.R. §229.402 (Dec. 29, 2006) and under the laws of the several states including, particularly, the State of Delaware. The pending cases are:

| **Abbreviated Case Name** | **Case No.** | **Date Filed** |
|---|---|---|
| *International Brotherhood of Electrical Workers Local 98 v. Angelo R. Mozilo, et al* | CA. No. 07 – 00372 *** (MPT) | June 12, 2007 |
| *Adam Blumberg v. Angelo R. Mozilo, et al* | CA. No. 07 – 00717 *** (MPT) | November 6, 2007 |

## SUMMARY OF THE ARGUMENT

These actions should be consolidated pursuant to Fed. R. Civ. P. 42(a). Each of the actions is based upon similar factual allegations, raises similar issues of fact and law and is brought as a shareholder derivative action on behalf of functionally identical shareholder plaintiffs and on behalf of defendant Countrywide against the individual members of the Countrywide Board of Directors. Thus, consolidation of the *IBEW Local 98* and *Blumberg* actions is appropriate.

In order to facilitate the orderly prosecution of this litigation, plaintiffs also move for appointment of their counsel, Barrack, Rodos & Bacine, as Lead Counsel. Barrack, Rodos & Bacine ("Barrack") meets all of the criteria for appointment as Lead Counsel as suggested by Fed. R. Civ. P. 23(g). The Barrack firm is experienced in complex litigation, has successfully represented plaintiffs in many nationwide class actions and derivative litigations, and thus should be appointed Lead or General Counsel in this litigation on behalf of the shareholder plaintiffs in this derivative action. Plaintiffs also move for appointment of Biggs and Battaglia as Liaison Counsel.

## **FACTS**

Plaintiffs in both of the above referenced derivative actions pending in this Court allege that Countrywide violated §14(a) of the 1934 Act; SEC Rule 14a-9, SEC Schedule 14A, Item 402 of SEC Regulation S-K and state law, especially the law of Delaware, by granting excessive and unauthorized compensation to Countrywide's Chief Executive Officer, Angelo R. Mozilo, and issuing materially misleading statements concerning the nature and amount of this excessive compensation in Countrywide's 2006 and 2007 Proxy Statements.

But the most serious allegation is that at a time when the board of directors was in possession of facts concerning material adverse changes in Countrywide's business and assets, the board caused Countrywide to repurchase more than 60 million shares of its own stock, or 9.75% of the total outstanding, at nearly $40 per share. At the same time, a majority of the board sold their own shares of Countrywide stock to realize proceeds of approximately $373 million. When the facts concerning Countrywide's financial condition became public, the value of its stock went to less than $20 per share, causing an out-of-pocket loss on the repurchase to Countrywide of approximately $1.3 billion.

All of the claims, allegations and causes of action in the above referenced cases pending in this Court are not only substantially identical, but charge the same parties (with two exceptions) with wrongdoing. In addition, each of the derivative actions is brought by similar plaintiffs, *i.e.*, current shareholders of Countrywide.

**ARGUMENT**

1. **Consolidation Is Warranted For The Efficient Administration Of The Related Actions.**

Consolidation is appropriate where, as here, there are actions involving common questions of law or fact and where the derivative claims are the same. Rule 42(a) of the Federal Rules of Civil Procedure provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

This District has long recognized that where, as here, shareholder derivative actions that involve "substantially similar, if not identical, factual and legal claims against the same defendants" should be consolidated. *Cohen v. Beneficial Industrial Loan Corp., et al*, 93 F.Supp. 418, 420 (D. Del. 1950).[1] Here, both related actions involve substantially similar factual and legal claims and have been brought against the same defendants (with two exceptions), Countrywide and its directors, on behalf of effectively identical purported classes.

Furthermore, consolidation is necessary to avoid unnecessary costs or delay, to maintain efficiency and to assure that case administration is consistent. Fed. R. Civ. P. 42(a). Conducting the two related actions separately would be burdensome and result in duplicative litigation, including discovery and motion practice before this Court. "The purpose of consolidation is to avoid the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact." *Siegall v. Tibco Software Inc.*, 2006 U.S. Dist.

---

[1] *See also Blake v. Farrell Lines, Inc.,* 417 F.2d 264, 266 (3d Cir. 1969) ("the trial judge, under *Rule 42(a),* is given the broad authority to 'make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay'"); *Honeywell International Inc. v. Audio Vex Communications Corp.,* 2005 U.S. Dist. LEXIS 22933 (D. Del. 2005) ("A district court also generally has broad discretion when deciding … to consolidate … proceedings.")

4

LEXIS 26780, at 9 (N.D. Cal. 2006). (Consolidating related cases on a class action context). Separate proceedings could also result in conflicting results.

2.   **Appointment Of Lead Counsel Is Necessary To Achieve Efficiency And Economy In This Litigation.**

Plaintiffs believe that appointment of "Lead" or "General" Counsel[2] for plaintiffs is prudent in this instance, where it is anticipated that other cases may be filed in this jurisdiction and where there is a prospective need to coordinate these derivative actions (which plaintiffs believe should remain in this district) with several class actions pending in other districts.[3]

Utilizing Fed. R. Civ. P. Rule 23 as a guide to appointment of Lead or General Counsel here, Rule 23(g) provides that a court may designate "lead counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Where as here, there are several derivative actions brought under, *inter alia* Rule 23.1. "The appointment of general counsel for pre-trial purposes would constitute an effective means of channeling thoughts of consolidating constructive lines." *Abrams v. Occidential Petroleum Corp.*, 44 F.R.D. 543, 547 (S.D.N.Y. 1968). For example, lead counsel may be required to take coordinated discovery, to make or respond to motions directed to the pleadings or to engage in settlement discussions on behalf of plaintiff. Accordingly, appointment of Lead Counsel here, would be "efficacious to avoid the consequences of duplication and conflict." *Id.* at 548.

---

[2] Plaintiffs note that in the context of derivative litigation, the term "general counsel" is technically correct as the appellation for the lead attorney for the plaintiff shareholder group. *See, e.g.*, *Abrams v. Occidental Petroleum Corp*. 44 F.R.D. 543, 547 (S.D.N.Y. 1968). However, the term has become antiquated and appears to have been replaced functionally by "Lead Counsel" which is a more familiar term and appropriate in a class action context. Plaintiff will utilize the term "Lead" Counsel and believes reference to FRCP Rule 23's criteria for selecting such counsel is appropriate in this litigation, although these derivative actions are not brought as class actions pursuant to Fed. R. Civ. P. Rule 23 but are instead are brought subject to Rule 23.1.

[3] Presently, Plaintiffs are aware of four derivative and several class actions grounded in ERISA claims and §10b of the 1934 Act and S.E.C. Rule 10b-5 filed pursuant to Fed. R. Civ. P. 23 in the Central District of California and as well as an action presently in the California Superior Court for Los Angeles County. The derivative actions here, however, are sufficiently distinct from these other actions to allow this derivative action to continue in this Court where, Plaintiffs believe, issues of directors' breach of fiduciary duty of loyalty and excessive executive compensation with respect to a Delaware corporation under Delaware law are best determined.

Attorneys appointed to serve as Lead Counsel "must fairly and adequately represent the interests of the …[shareholders …similarly situated in enforcing the right of the corporation]." Fed. R. Civ. P. 23.1; *See, e.g.*, Fed. R. Civ. P. 23(g)(1)(B). In making this decision, the Court must consider:

- The work counsel has done in identifying or investigating potential claims in the action;
- Counsel's experience in handling … [derivative] actions;
- Counsel's knowledge of the applicable law; and
- The resources counsel will commit to representing the … [shareholders similarly situated in enforcing the right of the corporation].

*See* Fed. R. Civ. P. 23(g)(1)(c)(i). The Court may also consider any other information pertinent to the appointment and seek additional information from prospective derivative counsel. *See* Fed. R. Civ. P. 23(g)(1)(C)(ii-iii). "In evaluating prospective … [derivative] counsel, the court should weigh all pertinent factors. No single factor should necessarily be determinative in a given case." *See* Advisory Committee Notes (2003 Amendments).

The Barrack firm meets all of the criteria for class counsel required by Fed. R. Civ. P. 23(g), and thus for Lead Counsel in this derivative action under Fed. R. Civ. P. 23.1, as demonstrated by its attached firm resume.[4] The Barrack firm is experienced in complex litigation and has successfully represented plaintiffs in many other complex nationwide class and derivative actions. The Barrack firm's success in leading the prosecution of numerous and derivative class actions over many years is attributable to its experience, qualifications, and demonstrated willingness to invest substantial resources in the prosecution of complex cases. Attorneys at the Barrack firm have investigated this and other derivative actions involving similar claims and are knowledgeable about the relevant law.

Proposed Liaison Counsel Biggs and Battaglia is a firm that is well known to this court.

---

[4] A copy of the Barrack firm's resume is attached as Exhibit A to the Declaration of Alexander Arnold Gershon submitted in support hereof.

It has many years of experience serving as local and liaison Delaware counsel in all kinds of stockholders' actions.

### CONCLUSION

For the foregoing and above-referenced reasons, it is respectfully requested that the *IBEW Local 98* and *Blumberg* actions be consolidated and that Barrack, Rodos & Bacine be appointed Plaintiffs' Lead Counsel and Biggs and Battaglia be appointed Plaintiffs' Liaison Counsel.

Dated: December 20, 2007                              BIGGS & BATTAGLIA

/s/ Robert D. Goldberg
ROBERT D. GOLDBERG (#631)
921 North Orange Street
Wilmington, DE 19899
Tel: (302) 655-9677
Fax: (302) 655-7924
goldberg@batlaw.com
*Attorneys for plaintiffs*

*Of Counsel:*

Barrack, Rodos & Bacine
Alexander Arnold Gershon
Regina M. Calcaterra
Gloria Kui
1350 Broadway, Suite 1001
New York, New York 10018
(212) 688-0782

Barrack, Rodos & Bacine
Daniel E. Bacine
William J. Ban
Two Commerce Square
2001 Market Street B Suite 3300
Philadelphia, Pennsylvania 19103
(215) 963-0600

7