RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX: (302) 651-7701
WWW.RLF.COM

STEVEN J. FINEMAN

DIRECT DIAL NUMBER
302-651-7592
FINEMAN@RLF.COM

January 18, 2008

**VIA E-FILE & HAND DELIVERY**
The Honorable Mary Pat Thynge
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

Re: *International Brotherhood of Electrical Workers Local 98 Pension Fund v. Angelo R. Mozilo, et al.*, C.A. No. 07-372 *** (MPT) and *Adam Blumberg v. Angelo R. Mozilo, et al.*, C.A. No. 07-717 *** (MPT)

Dear Magistrate Judge Thynge:

We are counsel for defendants Angelo Mozilo, Henry Cisneros, Robert Donato, Harley Snyder, Jeffrey Cunningham, Martin Melone, Robert Parry, Oscar Robertson, Keith Russell, David Sambol and nominal Defendant Countrywide Financial Corporation ("Countrywide" or the "Company" and collectively "Defendants") in the above-referenced actions. For the reasons set forth in the attached motion and summarized below, Defendants respectfully request a telephonic conference with the Court at the earliest convenience of the Court.

On January 15, 2008, Plaintiffs filed a motion for partial summary judgment in these actions seeking a judgment exceeding $2 billion that is inconsistent with the schedule that the parties previously agreed to and this Court ordered. Plaintiffs' motion is premature in that it entirely ignores the need for this Court to resolve the threshold legal issue of whether plaintiffs inappropriately filed these cases without first making demand on the Countrywide board of directors asking it to consider whether prosecution of this lawsuit on Countrywide's behalf would be in the Company's and shareholders' best interests. Demand is required under substantive Delaware law as a condition to the right of any shareholder to bring a shareholder derivative case like these, unless the Court specifically finds that demand was excused as futile.

We have filed herewith an emergency motion to stay plaintiffs' motion for partial summary judgment (a courtesy copy of which is attached hereto). Given that a response to plaintiffs' motion would otherwise be due ten business days after January 15, 2008, we hereby request a telephonic conference with the Court at Your Honor's earliest convenience.

The grounds for Defendants' motion to stay are summarized below:

RLF1-3245304-1

The Honorable Mary Pat Thynge
January 18, 2008
Page 2

- Plaintiffs' motion ignores the Court-ordered schedule whereby plaintiffs already have moved to have the *IBEW* and *Blumberg* cases consolidated (which motion is pending), upon the granting of which motion, plaintiffs would file a consolidated amended complaint and Defendants would have 60 days to move to dismiss the consolidated amended complaint. *See* C.A. No. 07-372, D.I. 9 (so ordered Nov. 13, 2007); C.A. No. 07-717, D.I. 5 (so ordered Dec. 3, 2007). Defendants have twice been on the verge of filing motions to dismiss for failure to make demand on the board of directors (among other things), and one week before Defendants were to file their motions, plaintiff decided to amend the complaint or filed a substantially similar action that it sought to have consolidated.

- Plaintiffs have brought these cases as shareholder derivative actions ostensibly on behalf of Countrywide. Under controlling Delaware law, before filing a shareholder derivative lawsuit a shareholder must first demand action from the corporation's board of directors or plead particularized facts demonstrating that making such pre-suit demand would have been futile. *Levine v. Smith*, 591 A.2d 194 (Del. 1991). *Accord Allison v. General Motors Corp.*, 604 F. Supp. 1106 (D. Del. 1985). Unless plaintiffs can meet the difficult burden of demonstrating, through particularized factual allegations, that presuit demand on the board of directors should be excused, plaintiffs have no standing to prosecute these cases and no legal right to move for summary judgment or any other relief. Upon filing of a consolidated amended complaint, Defendants intend to move to dismiss for failure to make demand (among other grounds) and submit that the Court should address this fundamental issue of corporate governance before getting to the merits of the underlying litigation. Defendants submit that litigation of plaintiffs' motion for partial summary judgment would result in an enormous waste of the parties and the Court's time, energy and resources because Defendants believe demand was required under Delaware and if the Court agrees, this case must be dismissed.

- Plaintiffs' rush to file their motion for partial summary judgment before the cases are consolidated, before a consolidated complaint has been filed and before the substantive question of presuit demand has first been decided by this Court likely results from two facts. First, Bank of America Corporation recently announced (January 11, 2008) that it had entered into a definitive merger agreement to acquire all of the outstanding shares of Countrywide stock. Under controlling precedent from the Delaware Supreme Court, plaintiffs will lose standing to maintain these derivative suits upon the consummation of the transaction, and plaintiffs will lose any right to sue derivatively for relief on behalf of Countrywide because any such claims will pass to Bank of America. *See Lewis v. Ward*, 852 A.2d 896 (Del. 2004). Second, Defendants have informed plaintiffs and the Court that they intend to move to transfer this case to the United States District Court for the Central District of California, where Countrywide has its principal place of business, where all material events at issue in these cases took place, and where other related shareholder derivative lawsuits are pending.

RLF1-3245304-1

The Honorable Mary Pat Thynge
January 18, 2008
Page 3

      Defendants respectfully request a conference with the Court to discuss these concerns, and are available at Your Honor's earliest convenience.

Respectfully,

*/s/ Steven J. Fineman/*

Steven J. Fineman (#4025)

SJF/lll

cc:    Robert D. Goldberg, Esquire (Hand Delivery)
        Edward Micheletti, Esquire (Hand Delivery)
        Alexander Arnold Gershon, Esquire (By Electronic Mail)
        Thomas A. Beck, Esquire
        Brian E. Pastuszenski, Esquire